**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Tarik F. Ajami (TA 5922)
Justin M. Swartz (JS 7989)
Carmelyn P. Malalis (CM 3350)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**STUEVE SIEGEL HANSON WOODY LLP**
George A. Hanson (Pro Hac Vice Motion Forthcoming)
Amy E. Bauman (Pro Hac Vice Motion Forthcoming)
330 West 47th Street, Suite 250
Kansas City, MO 64112
Telephone: 816-714-7100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Martin J. Hens and Paul Van Voorhees, individually and on behalf all others similarly situated, <br><br>               Plaintiffs, <br><br>     v. <br><br> ClientLogic Operating Corporation, <br><br>               Defendants. | **CLASS ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

Plaintiffs Martin J. Hens ("Hens") and Paul Van Voorhees ("Van Voorhees") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, by their attorneys Outten and Golden LLP, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this action for unpaid wages on behalf of themselves, and other similarly situated current and former customer service representatives and other

telephone-dedicated employees ("CSRs") employed in call center facilities, against

ClientLogic Operating Corporation ("ClientLogic").

2.    ClientLogic describes itself as "a leading international business process

outsourcing (BPO) provider in the customer care, fulfillment, item processing and

marketing services industry."

3.    ClientLogic is a subsidiary of the Canadian company Onex Corporation.

4.    ClientLogic operates in 52 locations in 13 countries throughout North

America, Europe, Asia and Africa.

5.    ClientLogic is among the top five global customer care providers, managing

more than 296 million customer interactions.

6.    ClientLogic's customers include many of the world's best-known Fortune 500

and Global 2000 companies.

7.    ClientLogic's customers include Sony, Microsoft, Citizens Bank, EarthLink,

TiVo, DirectTV, Highlights for Children, Logitech, National Geographic Television,

BlueCross BlueShield of Florida, Juno, and NetZero.

8.    Plaintiffs were low-paid CSRs who worked in a high-stress call center-

environment in or around Buffalo, New York, an economically depressed area.  Plaintiffs

and other workers took call center jobs, not as a first choice, but because in the Buffalo

area, better jobs were very hard to come by.  ClientLogic took advantage of these

circumstances and refused to pay these workers for significant amounts of time that they

worked for ClientLogic's benefit.  This work includes, but is not limited to, time that they

worked before the start of their regularly scheduled shifts, time that they worked during

their unpaid lunch breaks, and time that they worked after their regularly scheduled

2

shifts.

9.      ClientLogic markets itself as a company that can "help clients reduce service costs, improve customer retention and increase revenue per customer." To the extent that it has lived up to these promises, it has done so at the expense of its low-paid employees.

10.     By the conduct described in this Complaint, ClientLogic has willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, overtime wages that they lawfully earned.

11.     ClientLogic has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to record, credit, or compensate work performed by its employees for all the time that ClientLogic has required and permitted such employees to perform work.

12.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of ClientLogic who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant, that have deprived Plaintiff and others similarly situated of their lawful overtime wages.

13.     Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of ClientLogic, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

14.     Upon information and belief, ClientLogic has operated call center facilities in

3

Buffalo, New York; Kenmore, New York; Tonawanda, New York; Albuquerque, New Mexico; Andalusia, Alabama; Asheville, North Carolina; Bartlesville, Oklahoma; Bloomfield, New Jersey; Bogalusa, Louisiana; Clifton, New Jersey; Columbus, Ohio; Dallas, Texas; Fair Lawn, New Jersey; Hamilton, Alabama; Huntington, West Virginia; Kingstree, South Carolina; Lake City, Florida; Las Vegas, Nevada; Milford, Delaware; Nashville, Tennessee; Norman, Oklahoma; Oak Ridge, Tennessee; Port Arthur, Texas; Starkville, Mississippi; Weehawken, New Jersey; Winfield, Alabama; and other locations in the United States.

## **THE PARTIES**

### **Plaintiffs**

#### **Martin Hens**

15.     Hens is an adult individual who is a resident of Amherst, New York.

16.     Hens was employed by ClientLogic as a telephone-dedicated hourly employee in ClientLogic's call center facility on Hertel Avenue in Buffalo, New York from approximately September 2002 through approximately March 2005.

17.     Hens has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Hens' written consent is attached hereto.

18.     Hens is a covered employee within the meaning of the FLSA and the NYLL.

#### **Paul Van Voorhees**

19.      Van Voorhees is an adult individual who is a resident of Hamburg, New York.

20.     Van Voorhees was employed by ClientLogic as a telephone-dedicated hourly employee in ClientLogic's call center facility on Hertel Avenue in Buffalo, New York

from approximately September 2002 through approximately March 2005.

21.    Van Voorhees has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Van Voorhees' written consent is attached hereto.

22.    Van Voorhees is a covered employee within the meaning of the FLSA and the NYLL.

**Opt-Ins**

23.    In addition to Plaintiffs, other individuals ("Opt-Ins") have consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

24.    As of the filing of this Complaint, the Opt-Ins are Charles Bernoski and William F. Smith II.

25.    Written consents for the Opt-Ins are attached to this Complaint.

26.    The Opt-Ins are covered employees within the meaning of the FLSA and the NYLL.

**Defendant**

27.    Upon information and belief, ClientLogic maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

28.    ClientLogic is a covered employer within the meaning of the FLSA and the NYLL.

29.    Upon information and belief, ClientLogic is a domestic corporation doing business within Erie County, New York.

30.    ClientLogic maintains a place of business at 699 Hertel Avenue, Suite 390, Buffalo, New York 14207.

31.    ClientLogic maintains corporate headquarters in Nashville, Tennessee.

32.    The address of ClientLogic's corporate headquarters is 3102 West End Avenue, Nashville, Tennessee 37203.

33.    ClientLogic's principal executive office is located in Nashville, Tennessee.

34.    The address of ClientLogic's principal executive office is 3102 West End Avenue, Suite 900, Nashville, Tennessee 37203.

35.    Upon information and belief, ClientLogic has operated at least one call center facility in Buffalo, New York.

36.    Upon information and belief, ClientLogic has operated at least one call center facility in Kenmore, New York.

37.    Upon information and belief, ClientLogic has operated at least one call center facility in Tonawanda, New York.

38.    Upon information and belief, ClientLogic has operated at least one call center facility in Albuquerque, New Mexico.

39.    Upon information and belief, ClientLogic has operated at least one call center facility in Andalusia, Alabama.

40.    Upon information and belief, ClientLogic has operated at least one call center facility in Asheville, North Carolina.

41.    Upon information and belief, ClientLogic has operated at least one call center facility in Bartlesville, Oklahoma.

42.    Upon information and belief, ClientLogic has operated at least one call center facility in Bloomfield, New Jersey.

43.    Upon information and belief, ClientLogic has operated at least one call center

facility in Bogalusa, Louisiana.

44.    Upon information and belief, ClientLogic has operated at least one call center facility in Clifton, New Jersey.

45.    Upon information and belief, ClientLogic has operated at least one call center facility in Columbus, Ohio.

46.    Upon information and belief, ClientLogic has operated at least one call center facility in Dallas, Texas.

47.    Upon information and belief, ClientLogic has operated at least one call center facility in Fair Lawn, New Jersey.

48.    Upon information and belief, ClientLogic has operated at least one call center facility in Hamilton, Alabama.

49.    Upon information and belief, ClientLogic has operated at least one call center facility in Huntington, West Virginia.

50.    Upon information and belief, ClientLogic has operated at least one call center facility in Kingstree, South Carolina.

51.    Upon information and belief, ClientLogic has operated at least one call center facility in Lake City, Florida.

52.    Upon information and belief, ClientLogic has operated at least one call center facility in Las Vegas, Nevada.

53.    Upon information and belief, ClientLogic has operated at least one call center facility in Milford, Delaware.

54.    Upon information and belief, ClientLogic has operated at least one call center facility in Nashville, Tennessee.

55.    Upon information and belief, ClientLogic has operated at least one call center facility in Norman, Oklahoma.

56.    Upon information and belief, ClientLogic has operated at least one call center facility in Oak Ridge, Tennessee.

57.    Upon information and belief, ClientLogic has operated at least one call center facility in Port Arthur, Texas.

58.    Upon information and belief, ClientLogic has operated at least one call center facility in Starkville, Mississippi.

59.    Upon information and belief, ClientLogic has operated at least one call center facility in Weehawken, New Jersey.

60.    Upon information and belief, ClientLogic has operated at least one call center facility in Winfield, Alabama.

61.    Upon information and belief, ClientLogic has operated at least one call center facility in locations in the United States other than those listed above.

## JURISDICTION AND VENUE

62.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

63.    In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

64.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

65.    Upon information and belief, the amount in controversy in this matter exceeds

the sum or value of $5,000,000, exclusive of interest and costs.

66.    Upon information and belief, at least one member of the proposed class is a citizen of a state different than that of Defendant.

67.    Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391.

68.    Defendant resides in the Western District of New York.

## CLASS ACTION ALLEGATIONS

69.    Plaintiffs bring NYLL claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who worked for ClientLogic as telephone-dedicated employees in New York call center facilities from six years prior to the filing of this Complaint through the date of judgment in this action" (the "Rule 23 Class").

70.    Excluded from the Rule 23 Class are ClientLogic's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in ClientLogic; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

71.    The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of ClientLogic.

72.    Upon information and belief, the size of the Rule 23 Class is at least 500 people.

73.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

74.     Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

75.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

      a.     whether ClientLogic has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

      b.     what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

      c.     whether ClientLogic has failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

      d.     the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

      e.     whether ClientLogic has a policy of failing to pay workers for time that they work;

      f.     whether ClientLogic's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

      g.     whether ClientLogic failed to compensate Plaintiffs and the Rule

23 Class for all work ClientLogic required and/or suffered or permitted them to perform; and

        h.     whether ClientLogic correctly calculated and compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek.

76.     The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for ClientLogic in its call centers and have not been paid for all hours worked and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendant has acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

77.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Rule 23 Class to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of all members of the Rule 23 Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions they make regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Rule 23 Class members. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Rule 23 Class as a whole. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition

and in trial.

78.     Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of ClientLogic's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about ClientLogic's practices.

## COLLECTIVE ACTION ALLEGATIONS

80.     Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who were regularly scheduled to work 40 or more hours per workweek as telephone-dedicated employees in ClientLogic New York call center facilities who elect to opt-in to this action (the "FLSA Collective").

81.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former employees of ClientLogic who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the

present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to ClientLogic, are readily identifiable, and can be located through ClientLogic's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## FACTUAL ALLEGATIONS

82.    Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") were victims of a common policy and plan perpetrated by ClientLogic that violated their rights under the FLSA and the NYLL.

83.    Upon information and belief, it has been ClientLogic's willful policy and pattern or practice to suffer and permit work by its employees, including Plaintiffs and the Class Members, without paying them for such work ("unpaid work").

84.    The unpaid work includes, but is not limited to, overtime work that Plaintiffs and the Class Members have been suffered or permitted to perform before their scheduled shifts, during their unpaid lunch periods, and after their scheduled shifts.

85.    The unpaid work has been part of Plaintiffs' and the Class Members' principal job activity and/or has been necessary, integral, and indispensable to their principal job activity.

86.    The proper performance of Plaintiffs' and the Class Members' jobs required the unpaid work.

87.    Plaintiffs and the Class Members performed the unpaid work for the benefit of ClientLogic. ClientLogic has suffered and/or permitted the unpaid work.

88.    ClientLogic assigned the unpaid work, ClientLogic has been aware of the unpaid work, and/or ClientLogic should have been aware of the unpaid work.

13

89.    As part of its regular business practice, ClientLogic has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes, but is not limited to:

a.    willfully depriving its employees, including Plaintiffs and the Class Members, of wages to which they are entitled under the law;

b.    willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of ClientLogic;

c.    willfully failing to keep payroll records with respect to Plaintiffs and the Class Members as required by the FLSA and the NYLL;

d.    willfully failing to pay its employees, including Plaintiffs and the Class Members, for all of the time that they have been suffered or permitted to work for ClientLogic's benefit; and

e.    requiring, suffering, and/or permitting its employees, including Plaintiffs and the Class Members, to work many hours beyond 40 in a workweek without paying them proper overtime wages.

90.    Upon information and belief, ClientLogic's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by knowingly violating the FLSA and the NYLL.

91.    ClientLogic's unlawful conduct has been widespread, repeated, and consistent.

92.    ClientLogic's unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and

14

the Class Members.

93.    ClientLogic was aware or should have been aware that federal law requires it

to pay non-exempt hourly employees, including Plaintiffs and the Class Members, for all

hours that it suffered or permitted its employees to work and to pay an overtime premium

of time and one half for all hours worked in excess of 40 per workweek.

## PLAINTIFFS' FACTUAL ALLEGATIONS

### Martin Hens

94.    Hens was regularly suffered or permitted to work outside his scheduled shift

without compensation.

95.    Hens was regularly suffered or permitted to work more than 40 hours during

many workweeks.

96.    Consistent with its policy and pattern or practice, ClientLogic did not pay

Hens for all of the time that he was suffered or permitted to work, including but not

limited to time in excess of 40 hours per workweek.

97.    Consistent with its policy and pattern or practice, ClientLogic did not pay

Hens proper overtime compensation for all of the time that he was suffered or permitted

to work in excess of 40 hours per workweek.

98.    Consistent with its policy and pattern or practice, ClientLogic did not keep

accurate payroll records with respect to Hens.

### Paul Van Voorhees

99.    Van Voorhees was regularly suffered or permitted to work outside his

scheduled shift without compensation.

100.     Van Voorhees was regularly suffered or permitted to work more than 40 hours during many workweeks.

101.     Consistent with its policy and pattern or practice, ClientLogic did not pay Van Voorhees for all of the time that he was suffered or permitted to work, including but not limited to time in excess of 40 hours per workweek.

102.     Consistent with its policy and pattern or practice, ClientLogic did not pay Van Voorhees proper overtime compensation for all of the time that he was suffered or permitted to work in excess of 40 hours per workweek.

103.     Consistent with its policy and pattern or practice, ClientLogic did not keep accurate payroll records with respect to Van Voorhees.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

104.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

105.     ClientLogic has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

106.     At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

107.     The overtime wage provisions set forth in the FLSA apply to ClientLogic.

108.     ClientLogic is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

109.   At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

110.   ClientLogic has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

111.   ClientLogic's violations of the FLSA, as described in this Complaint, have been willful and intentional.

112.   ClientLogic has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

113.   Because ClientLogic's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

114.   As a result of ClientLogic's violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA.

115.   As a result of the unlawful acts of ClientLogic, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law
### (Brought on behalf of Plaintiffs and the Rule 23 Class Members)

116.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

117.   At all times relevant, Plaintiffs have been employees and ClientLogic has

been an employer within the meaning of the NYLL.

118.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to ClientLogic.

119.    ClientLogic has failed to pay Plaintiffs and the members of the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

120.    By ClientLogic's knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

121.    Due to ClientLogic's violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from ClientLogic their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

122.    The Rule 23 Class Members are also entitled to receive notice and, after the determination of class-wide liability and of individual back pay and interest, an opportunity to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to NYLL Article 19, §§ 650 *et seq.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are

presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by ClientLogic as telephone-dedicated employees in call center facilities. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

             B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

             C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

             E.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

             F.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

             G.      Unpaid overtime pay pursuant to NYLL 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 class);

             H.      Pre-judgment interest;

             I.      An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

             J.      After the determination of class-wide liability, of individual

damages, and of Defendant's liability for back pay, notice to class members of the

opportunity to intervene in this action or to file separate actions to recover liquidated

damages under Article 19, § 681(1) of the NYLL.

      K.    Attorneys' fees and costs of the action; and

      L.    Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Dated:    New York, New York
           May 27, 2005

           Respectfully submitted,
           **OUTTEN & GOLDEN LLP**
           By:

           /s/ Justin M. Swartz
           Justin M. Swartz (JS 7989)

           **OUTTEN & GOLDEN LLP**
           Adam T. Klein (AK 3293)
           Justin M. Swartz (JS 7989)
           Carmelyn P. Malalis (CM 3350)
           3 Park Avenue, 29th Floor
           New York, New York 10016
           Telephone: 212-245-1000

           **STUEVE SIEGEL HANSON WOODY LLP**
           George A. Hanson (Pro Hac Vice Motion Forthcoming)
           Amy E. Bauman (Pro Hac Vice Motion Forthcoming)
           330 West 47th Street, Suite 250
           Kansas City, MO 64112
           Telephone: 816-714-7100
           **Attorneys for Plaintiffs and the Putative Class**

I consent to be a party plaintiff in the foregoing lawsuit against ClientLogic in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate Outten & Golden LLP and Stueve Siegel Hanson Woody LLP to represent me in the lawsuit.

_Martin J Hens_____
Signature

_Martin J Hens_____
Print name

_17 Larch Rd_____
Address

_Amherst, NY 14226_____
City, State, and Zip Code

_03-03-05_____
Date

I consent to be a party plaintiff in the foregoing lawsuit against ClientLogic in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate Outten & Golden LLP and Stueve Siegel Hanson Woody LLP to represent me in the lawsuit.

_Paul E. Van Voorhees_
Signature

PAUL E. VAN VOORHEES
Print name

115 LONG AVE
Address

HAMBURG NY 14075
City, State, and Zip Code

3. MARCH 2005
Date

I consent to be a party plaintiff in the foregoing lawsuit against ClientLogic in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate Outten & Golden LLP and Stueve Siegel Hanson Woody LLP to represent me in the lawsuit.

_____
Signature

_Charles Bernoski_
Print name

_55 Chadduck ave_
Address

_Buffalo, NY  14207_
City, State, and Zip Code

_03-03-2005_
Date

I consent to be a party plaintiff in the foregoing lawsuit against *Clipnt logic* in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate Outten & Golden LLP and Stueve Siegel Hanson Woody LLP to represent me in the lawsuit.

_William F. Smith II_
Signature

_William F. Smith II_
Print name

_30 Hartford Road_
Address

_Amherst, NY 14226_
City, State, and Zip Code

_2/16/05_
Date