UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARTIN J. HENS, et al.,

        Plaintiffs

  v.                                                           **ORDER**
                                                              05-CV-381S

CLIENTLOGIC OPERATING CORP.,

        Defendant.

1.      On July 5, 2005, George A. Hanson and Amy E. Bauman, counsel for Plaintiff Martin J. Hens and Paul Van Voorhees, filed a motion seeking *pro hac vice* admission to this Court pursuant to Rule 83.1 of the Local Rules of Civil Procedure for the Western District of New York. Plaintiffs also seek leave to proceed without local counsel pursuant to Local Rule 83.2.

2.      Admission *pro hac vice* in this district is governed by Local Rule 83.1(i), which requires that each applicant for *pro hac vice* admission satisfy all of the requirements for attorney admission set forth in Local Rule 83.1(b). A motion for *pro hac vice* admission must therefore contain a verified petition from the attorney seeking admission satisfying the requirements listed in Local Rule 83.1(b)(1)-(6). This Court has reviewed Mr. Hanson and Ms. Bauman's motion and finds their verified petitions to be in order. Mr. Hanson and Ms. Bauman will therefore be admitted *pro hac vice* to this Court, subject to the payment of the required fee. See Local Rule 83.1(l).

3.      Only members in good standing of the bar of the Western District of New York may appear as attorneys of record. See Local Rule 83.2(a). Local Rule 83.2(a) requires that all counsel, whether admitted to this district or not, either maintain an office

in this district or retain local counsel. In its discretion, the court may waive the local counsel requirement upon "[a]n application to proceed without local counsel . . . made in writing within thirty days of the attorney's initial filing . . . for good cause shown." Local Rule 83.2.

4. In the instant matter, Plaintiffs' contend that the requirement that they retain local counsel imposes an unnecessary expense under the circumstances. Plaintiffs argue that their non-local counsel are experienced in federal complex litigation, and are familiar with the Local Rules of the United States District Court for the Western District of New York, such that local counsel is not necessary. The prospect of unnecessary expense, however, does not constitute "good cause" to justify a waiver of the local counsel requirement. Accordingly, Plaintiffs' motion to proceed without local counsel will be denied.

IT HEREBY IS ORDERED, that the Motion for *Pro Hac Vice* Admission (Docket No. 103) is GRANTED.

FURTHER, that Mr. Hanson and Ms. Bauman shall be admitted *pro hac vice* subject to the payment of the required fee.

FURTHER, that Plaintiff's Motion for Leave to Proceed without Local Counsel (Docket No. 100) is DENIED.

SO ORDERED.

Dated: August 1, 2005
      Buffalo, New York

                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                       United States District Judge