UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARTIN J. HENS, PAUL VAN VOORHEES,
DAWNE DOMAGALA, JENNIFER VITELLO,
DANIEL MILLER, and PAUL PRINCE,
Individually and on Behalf of all Others
Similarly Situated,

          Plaintiffs,

v.                 **DECISION AND ORDER**
                     05-CV-381S
CLIENTLOGIC OPERATING CORPORATION,

          Defendant.

## I. INTRODUCTION

Plaintiffs, current and former hourly telephone customer service employees, commenced this action on behalf of themselves and others similarly situated on May 31, 2005, seeking unpaid wages from Defendant pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs filed an Amended Complaint on August 31, 2005, and a Second Amended Complaint on October 16, 2006. Presently before the Court is the parties' Joint Motion for Protective Order or to Seal Settlement Agreement. (Docket No. 490.)

## II. BACKGROUND

By Decision and Order issued on September 26, 2006, this Court granted Plaintiffs' Motion for Conditional Certification as an FLSA Collective Action and for Court Authorized Notice to employees. (Docket No. 344.) Several thousand individuals have since

1

consented to join this lawsuit.  On April 13, 2007, the parties filed a Notice and Stipulation of Tolling in order to engage in settlement negotiations.  (Docket No. 356.)  After negotiations had continued for some time, the Court referred the matter to mediation on October 3, 2007.  (Docket No. 375.)  Mediation took place over the course of more than two years, and eventually resulted in a settlement agreement.

On February 22, 2010, counsel appeared before this Court for a status conference and confirmed that the parties had reached a settlement in principle.  (Docket No. 491, hereafter "Tr." at 2:16-4:10.)  Defense counsel went on to state that, from Defendant's perspective, "confidentiality is an important aspect of the agreement," and requested that the Court review the settlement agreement *in camera* and approve it without filing the document.  (Tr. at 4:24-25, 7:15-18, and 8:11-14.)  The Court declined to conduct an *in camera* review, but agreed to consider a joint motion to seal.  (Tr. at 8:21-9:6 and 9:24-25.)  For the reasons discussed below, the Joint Motion to Seal is denied.

### III.  DISCUSSION

In support of the Joint Motion to Seal, the parties urge that: (1) there is no presumption of public access to the settlement agreement because the Court is not being asked to interpret or enforce its terms, and (2) the injury and harm that would result from disclosure outweighs any public interest in the settlement.  Both propositions are rejected.

**A.     The Presumption of Public Access**

There is a well-established presumption favoring full and complete access to court proceedings and judicial documents.  Nixon v. Warner Communications., Inc., 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978); Lugosch v. Pyramid Co. of Onondaga,

2

435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) (confirming public's common law presumptive right of access to judicial documents); United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (a judicial document, subject to the right of public access, is one that is relevant to the performance of a judicial function and useful in the judicial process).

In most cases, a settlement agreement is not a judicial document. Typically, when a private settlement is reached, the plaintiff files a notice or stipulation of dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), which does not require a court order.[1] But FLSA cases are different. Parties must submit their settlement agreement for approval, and a district court "must consider whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Tuan Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-0086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). Such consideration is, of course, a judicial act.

Numerous circuit and district courts have concluded that a settlement agreement submitted to the court for consideration and approval is a judicial record and, thus, the presumption of public access attaches. Xue Lian Lin v. Comprehensive Health Mgmt., No.

---

[1] The cases cited at pages 9-10 of the parties' Memorandum of Law support the conclusion that the Second Circuit strongly endorses the confidentiality of private settlement agreements that are not filed with the court. As noted above, this Court does not disagree. But the parties cite to only one FLSA case in which a settlement agreement was sealed, Viada v. Osaka Health Spa, Inc., No. 04 Civ. 2744, 2006 U.S. Dist. LEXIS 84744 (S.D.N.Y. June 27, 2006), and I find its reasoning unpersuasive for reasons stated more fully below.

08 Civ. 6519, 2009 U.S. Dist. LEXIS 64625, *3-4 (S.D.N.Y. July 23, 2009) (declining request to approve FLSA settlement absent document to which public's right to access can attach); *see also*, Dees v. Hydradry, Inc., No. 09-CV-1405, 2010 U.S. Dist. LEXIS 40900, at *43-44 (M.D. Fl. Apr. 19, 2010) (parties' joint stipulation for dismissal of FLSA action, which did not include terms of settlement, did not comport with public's right of access); Tabor v. Fox, No. 09-CV-338, 2010 U.S. Dist. LEXIS 60839, at *4 (E.D.N.C. June 17, 2010) (presumption of access applies to FLSA settlement) (citing Jessup v. Luther, 277 F.3d 926, 929-30 (7th Cir. 2002) (presumption applies to court-approved settlement of civil rights action); S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993) (finding district court abused its discretion in sealing stipulated order in securities case); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003) (presumption applies to FLSA cases and court may not rubber stamp a stipulation to seal); Boone v. City of Suffolk, VA., 79 F. Supp. 2d 603, 609 (E.D. Va. 1999) (unsealing of FLSA settlement agreement upon finding that it is judicial document to which presumption of access applies)).

This Court agrees with the reasoning set forth in these circuit and district court cases, which identify two bases supporting public access to settlement agreements in FLSA cases. First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement. Jessup, 277 F.3d at 928-29; Boone, 79 F. Supp. 2d at 609. Second is the "private-public character" of employee rights under the FLSA, whereby the public has an "independent interest in assuring that employees wages are fair and thus do not endanger 'the national health and well-being.'" Stalnaker, 293 F. Supp. 2d at 1264 (quoting Brooklyn Savings

4

Bank v. O'Neil, 324 U.S. 697, 706, 709, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)). Thus, "'there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view,'" and this Court finds that the settlement agreement presented here is a judicial document to which the presumption attaches. In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation, MDL No. 2039, 2009 U.S. Dist. LEXIS 97791, at *4 (D. Ariz. Oct. 8, 2009) (quoting Prater v. Commerce Equities Mgmt. Co., No. H-07-2349, 2008 U.S. Dist. LEXIS 98795, at *28 (S.D. Tex. Dec. 8, 2008)).

**B.    Harm Arising from Disclosure**

This Court recognizes, however, that it must balance the strong presumption of public access against any interests favoring nondisclosure. In re September 11 Litigation, No. 21 MC 101, 2010 U. S. Dist. LEXIS 14805, at *24 (S.D.N.Y. Feb. 19, 2010) (presumption is rebuttable by countervailing interests). Here, the parties contend that sealing is appropriate because: (1) confidentiality is a material condition of the settlement agreement without which settlement will not be feasible, (2) public disclosure of the terms of the settlement may harm Defendant by encouraging other lawsuits, and (3) sealing will minimize the possibility of manipulation of the settlement process.

In support of their first argument, the parties rely on Viada v. Osaka Health Spa, Inc., a case from the Southern District of New York wherein an FLSA settlement agreement was sealed solely on the basis of the parties having conditioned their settlement on sealing of the agreement. 2006 U.S. Dist. LEXIS 84744. The decision does not cite to any authority supporting the stipulated sealing of FLSA settlement agreements, and this result

5

appears to be an anomaly. A subsequent decision from the Southern District found the parties' mutual desire for confidentiality insufficient to preclude the public's access to an FLSA settlement agreement, Xue Lian Lin, 2009 U.S. Dist. LEXIS 64625, as have a number of other district courts. *See, e.g.,* Dees, 2010 U.S. Dist. LEXIS 40900, at *47 (parties' stipulation to seal FLSA settlement agreement fails to justify a seal); Prater, 2008 U.S. Dist. LEXIS 98795, at *30 (fact that settlement agreement contains confidentiality provision is insufficient interest to overcome presumption); Bartelloni v. Decastro, No. 05-80910-CIV-COHN, 2007 U.S. Dist. LEXIS 54100, 2007 WL 2155646 (S.D. Fla. July 26, 2007) (confidentiality provision insufficient reason to seal FLSA settlement agreement); Yanklin v. W-H Energy Svcs., Inc., No. C-07-422, 2008 U.S. Dist. LEXIS 93026 (S.D. Tex. Nov. 17, 2008) (parties' joint request to seal insufficient to justify nondisclosure); West v. First Franklin Fin. Corp., No. 06-2064-KHV, 2007 U.S. Dist. LEXIS 30963, at *3 (D. Kan. Apr. 25, 2007) (parties' assertion that dispute would be unsettleable absent filing under seal was speculative and insufficient to overcome presumption). This Court joins the overwhelming majority of district courts in finding that a stipulation to seal does not outweigh the strong presumption of public access to an FLSA settlement agreement.

The parties next point to the possibility that disclosure of the settlement agreement may prompt additional litigation. The Court finds this hypothetical is speculative, at best. This case is a nationwide collective action brought by and on behalf of thousands of hourly customer service employees in several job titles. The parties have not identified any other class of hourly workers likely to sue Defendant based on disclosure of a settlement here. Conclusory suppositions are insufficient to justify sealing.

Even had the parties offered something more than speculation in this regard,

6

Defendant's interest in avoiding additional litigation is not sufficient to overcome the presumption of access. It is not at all uncommon for an employer to worry that "compromise with an employee who has vindicated a valuable FLSA right will inform and encourage other employees, who will vindicate their FLSA rights . . . ." Dees, 201 U.S. Dist. LEXIS 40900, at *42. But, "vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA." *Id*. "Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." *Id.* at *46; *see also*, Poulin v. Gen. Dynamics Shared Res., Inc., No. 09-CV-00058, 2010 U.S. Dist. LEXIS 29478, at *7 W.D. Va. Mar. 26, 2010) (business's general interest in keeping its legal proceedings private not sufficiently compelling to justify sealing FLSA settlement); Stalnaker, 293 F. Supp. 2d at 1264 (sealing FLSA agreements would thwart Congress's intent to protect certain groups from substandard wages and excessive hours); Boone, 79 F. Supp. 2d at 609 (public has an interest in determining whether district court is properly fulfilling its duties in approving back-wages settlement agreement). Accordingly, this reason also is insufficient to outweigh the strong presumption in favor of access.

Finally, the parties urge that certain inequities may result from disclosure of the settlement agreement. While the Court considers this a potentially legitimate and compelling interest, it is not sufficient reason to warrant sealing the entire settlement agreement. Once a compelling interest is identified, any request for nondisclosure must be narrowly tailored to serve that interest. Dees, 2010 U.S. Dist. 40900, at *46. Because that is not the case here, the motion is denied.

## IV.  CONCLUSION

For all of the reasons stated the Joint Motion for Protective Order or to Seal Settlement Agreement is denied, and the materials submitted to chambers in support of the motion will be returned to Defendant's counsel.  The parties may move forward with the settlement by filing on the public docket a motion for approval of the settlement agreement, with their agreement appended.  Should the parties wish to withdraw from the settlement agreement as a consequence of this decision, they shall file a joint statement to that effect, which also sets forth the status of any further settlement discussions, no later than **December 3, 2010**.

## V.  ORDERS

IT HEREBY IS ORDERED that the parties' Joint Motion for Protective Order or to Seal Settlement Agreement (Docket No. 490) is DENIED;

FURTHER that the parties shall file a joint status report no later than **December 3, 2010**, unless they have otherwise filed on the public docket a motion for approval of a settlement agreement.

SO ORDERED.

Dated: October 31, 2010
       Buffalo, New York

                                                        s/William M. Skretny
                                                       WILLIAM M. SKRETNY
                                                                Chief Judge
                                               United States District Court